UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARYAN AHMED MOHOMED,
Petitioner,

v.

CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 26-CV-3426 JLS (GC)

**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) GRANTING MOTION TO SEAL**

(ECF Nos. 1, 10)

Presently before the Court is Petitioner Maryan Ahmed Mohomed's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 9) and Petitioner's Traverse ("Traverse," ECF No. 12). Also before the Court is Respondents' Motion to File Documents Under Seal ("Mot.," ECF No. 10). For the reasons set forth below, the Court **GRANTS IN PART** the Petition for Writ of Habeas Corpus and **GRANTS** the Motion to Seal.

**MOTION TO SEAL**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one

'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Respondents seek to seal Exhibits 6, 7, and 8 to their Return under seal. *See* Mot. at 1. These Exhibits include information containing Petitioner's "personal identifying information, personal identifying information of third parties, law enforcement sensitive information, and information concerning Petitioner's applications for relief from removal." *Id.* These Exhibits are "more than tangentially related to the merits of the case," therefore, the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102. The Court finds that these requests are narrowly tailored and sufficiently meet the compelling reasons standard. *See, e.g.*, *Ndandu v. Noem, et al.*, No. 25-cv-2939 RBM (MSB), ECF No. 2 at 3, 6 (S.D. Cal. Nov. 14, 2025) (granting motion to seal concerning documents related to asylum and CAT protection because they had the potential to identify him and subject him to physical harm if made public); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095–96 (E.D. Cal. 2025) (granting motion to seal any information related to petitioner's asylum application due to the sensitive nature of the allegations). Therefore, Respondent's Motion to Seal (ECF No. 10) is **GRANTED**. The Clerk of the Court is **DIRECTED** to file under seal the lodged unredacted document submitted by Respondents: Exhibit 6, Transcript of Oral Decision Rendered by Immigration Judge; Exhibit 7, digital audio recording of Oral Decision Rendered by Immigration Judge; and Exhibit 8, Federal Bureau of Investigation Letter Head Memorandum (ECF No. 11).

**HABEAS PETITION**

Petitioner, a citizen of Somalia, entered the United States in 2022, was briefly detained, and released on parole. Ret. at 2. On October 17, 2022, a Form I-200 Warrant was issued, and Petitioner was taken into custody and ultimately released on her own recognizance under 8 U.S.C. § 1226(a). *Id.* On January 17, 2025, a Form I-200 Warrant was again issued for Petitioner, and she was arrested. *Id.* Petitioner applied for relief from removal include asylum, withholding of removal, and CAT protection. *Id.* at 3. Petitioner was denied relief by an IJ on April 30, 2026, finding her uncredible due to FBI interviews and investigations concerning her brother's involvement with Al Shabab and her sister's criminal history. *Id.* Petitioner was ordered removed to Somalia, in the first instance, and

to Kenya, in the second instance, but was granted withholding of removal as to Somalia. *Id.* Petitioner now challenges the January 2025 revocation of her parole under the Due Process Clause of the Fifth Amendment. Pet. at 16–18.

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and "do not oppose an order from this Court directing a bond hearing." Ret. at 2. The Court finds that a post-deprivation bond hearing under 8 U.S.C. § 1226(a) provides Petitioner with sufficient process. *See Diego Aníbal Aliaga Peña v. Sixto Marrero, et al.* No. 26-CV-3279 JLS (MSB), 2026 WL 2126861 (S.D. Cal. July 23, 2026) (finding a post-deprivation bond hearing sufficient considering changed circumstances). Accordingly, the Court **DENIES** the Petition to the extent it seeks release and **GRANTS** the Petition to the extent it seeks a bond hearing pursuant to 8 U.S.C. § 1226(a).

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Court **DENIES** the Petition to the extent that Petitioner requests to be released from custody. The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing by September 9, 2026. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge